UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHEIKH MAGHA,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2847

Honorable Jane M. Beckering

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, detained at the North Lake Processing Center in Baldwin, Lake County, Michigan, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Cleveland Immigration Court denying him bond, and asks the Court to, *inter alia*, order Petitioner's immediate release. (Pet., ECF No. 1, PageID.16.)

In an order entered on October 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on October 9, 2026. (Resp., ECF No. 5.) Petitioner filed his reply on October 16, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Mauritania who entered the United States in approximately 2023 and, on January 14, 2026, was arrested by ICE agents. (Pet., ECF No. 1, PageID.6.) On June 26, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id*., PageID.2.) At the conclusion of the bond hearing, in a written order, the Immigration Judge (IJ) denied Petitioner's request for bond stating: "Flight risk." June 26, 2026, IJ Order, *Magha v. Raycraft* (*Magha I*), No. 1:26-cv-2379 (W.D. Mich.), (ECF No. 5-3, PageID.61). Thereafter, Petitioner filed a motion for a second bond hearing in the Cleveland Immigration Court. *See* July 2, 2026, IJ Order, *Magha I*, (ECF No. 5-4, PageID.64.) In a written order, the IJ denied Petitioner's motion for a second bond hearing, stating: "[Petitioner] has failed to show a material change in circumstances justifying a second bond hearing." *Id*.

On August 18, 2026, Petitioner filed a § 2241 petition challenging the IJ's denial of bond following the June 26, 2026 bond hearing because Petitioner asserted that the IJ failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. Pet., *Magha I*, (ECF No. 1, PageID.2). In *Magha I*, the Court denied Petitioner's petition for a writ of habeas corpus pursuant to § 2241 without prejudice because there was no indication in the record that the IJ applied an unconstitutional burden of proof at the bond hearing. Op. & Jud., *Magha I*, (ECF Nos. 6, 7).

On October 5, 2026, Petitioner filed this second § 2241 petition, challenging the same June 26, 2026 bond hearing. (Pet., ECF No. 1.) Petitioner argues that the IJ applied an unconstitutional burden of proof because "statute, regulation, and Board [of Immigration Appeals] precent require the detained noncitizen to bear the burden at a §1226(a) bond hearing." (Pet., ECF No. 1, PageID.9.) Petitioner also asserts that, because the IJ required Petitioner to present his case first at the bond hearing, that implies that the IJ placed the burden of proof on Petitioner. (*Id*.)

## III. Discussion

In the present action, Petitioner raises the same claims for relief previously set forth in *Magha I*, the only difference being that Petitioner now argues that the fact he was required to present his case first at the bond hearing indicates the IJ applied an unconstitutional burden of proof. However, based on the record, including the IJ's order denying bond and the recording of the § 1226(a) bond hearing, there is no indication that the IJ applied an unconstitutional burden of proof. Therefore, for the same reasons discussed by the Court in *Magha I*, the Court will dismiss Petitioner's § 2241 petition without prejudice.

To the extent that Petitioner challenges the factual determinations that were made at the bond hearing, those are issues that are properly raised on appeal to the Board of Immigration Appeals (BIA). *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted) (discussing that if the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA'"); *see also Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 23, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge